# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DONNELL LLOYD,<br><br>Plaintiff,<br><br>v.<br><br>DRIVETIME CAR SALES COMPANY, LLC D/B/A DRIVETIME LINCOLN HWY,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, Defendant DriveTime Car Sales Company, LLC ("DriveTime") hereby files this Notice of Removal of the above-captioned action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In further support of this Notice of Removal, DriveTime states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 4, 2019, Plaintiff William Donnell Lloyd ("Plaintiff") initiated this matter by filing an action in the Municipal Court of Philadelphia County, Pennsylvania, Case No. SC-19-01-04-3346. A true and correct copy of the Statement of Claim is attached hereto as Exhibit A.

2. On March 4, 2019, DriveTime filed a counterclaim in the Municipal Court action, along with its notice of intent to defend. A true and correct copy of the Counterclaim is attached hereto as Exhibit B.

3. On March 13, 2019, the Court issued an Order after finding in favor of Plaintiff. A true and correct copy of the Order is attached hereto as Exhibit C.

4. On April 9, 2019, DriveTime filed a timely notice of appeal and praecipe for rule to file complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2019, No. 1360. A true and correct copy of the Notice of Appeal and Praecipe for Rule to File Complaint are attached hereto as Exhibit D.

5. On April 29, 2019, Plaintiff filed his complaint. A true and correct copy of the Complaint is attached hereto as Exhibit E. Exhibits A-E constitute all of the process, pleadings, and orders served in this case and are attached hereto pursuant to 28 U.S.C. § 1446(a). DriveTime has not answered, moved or otherwise responded to the Complaint.

6. Plaintiff asserts claims for tortious conversion, unjust enrichment and violations of both Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1 *et seq.* ("UTPCPL") and the Motor Vehicle Sales Finance Act, 69 P.S. § 601 *et seq.* ("MVSFA").

7. Plaintiff bases those claims on DriveTime's repossession of a motor vehicle Plaintiff financed from DriveTime (the "Vehicle"). (*See, e.g.*, Compl. at ¶¶ 9, 12-15.)

8. Plaintiff alleges DriveTime repossessed the Vehicle without notice or explanation, without reference and/or instruction as to any right of redemption or reinstatement of contract, and without opportunity to amend any previously-provided information on the vehicle application. (*Id.*)

9. Plaintiff alleges to have sustained economic and non-economic damages as a direct and proximate result of DriveTime's repossession of the Vehicle. (*Id.* at ¶¶ 16, 20, 24, 29.)

10. In each of the three counts in the Complaint,[1] Plaintiff demands judgment against DriveTime in an amount not in excess of fifty thousand dollars ($50,000), together with attorney's fees, collateral charges, costs, interest and other relief deemed just and equitable by the court. (*Id.* at *ad damnum* clauses)

## PARTIES

11. Plaintiff is a citizen of the Commonwealth of Pennsylvania residing at 3043 North 35th Street, Philadelphia, Pennsylvania. (*See* Compl. at ¶ 1.) Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of the Commonwealth of Pennsylvania. *Gilbert v. David*, 235 U.S. 561, 569 (1915) (a natural person is deemed to be a citizen of the state where he is domiciled).

12. DriveTime is a limited liability company incorporated in the State of Arizona. The sole member of DriveTime is DriveTime Sales and Finance Company, LLC. The sole member of DriveTime Sales and Finance Company, LLC is DriveTime Automotive Group, Inc. DriveTime Automotive Group, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in Tempe, Arizona. Thus, for purpose of diversity jurisdiction, DriveTime is a citizen of the State of Arizona. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 880 F.3d 99, 105 (3d Cir. 2015) ("Accordingly, the citizenship of an LLC is determined by the citizenship of its members."); *see also* 28 U.S.C. § 1332(c) (citizenship of corporation is its state of incorporation and the state where it has its principal place of business).

---

[1] Plaintiff asserts both a claim under the UTPCPL and MVSFA in the third count of his Complaint. (*See, e.g.*, Compl. at ¶¶ 25-29.) It is not clear, whether Plaintiff is asserting these claims as separate causes of action. (*Id.*)

## TIMELINESS OF REMOVAL

13. Plaintiff filed his Complaint on April 29, 2019.

14. DriveTime filed this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint.

15. Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

16. Removal is appropriate under 28 U.S.C. § 1332(a) because there is (i) complete diversity between Plaintiff and DriveTime and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. Removal Under 28 U.S.C. § 1332(a) Diversity Jurisdiction Based On Plaintiff's Claims

17. An action may be removed pursuant to 28 U.S.C. § 1332(a) if the action is between "citizens of different States" and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

18. Here, the requirement of complete diversity of citizenship is satisfied because Plaintiff is a citizen of Pennsylvania (*See* Compl. at ¶ 1), while DriveTime is a citizen of Arizona. (*Id.* at ¶ 2.) *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

19. The amount in controversy also exceeds $75,000.

20. The amount in controversy requirement is satisfied based on a reasonable reading of the allegations in Plaintiff's Complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy should be determined from "a reasonable reading of the value of the rights being litigated" as alleged in the complaint).

4

21. In <u>each</u> of his three counts, Plaintiff seeks judgment against DriveTime in a sum not in excess of Fifty Thousand Dollars ($50,000.00), together with collateral charges, attorney's fees, costs, interest and "other relief this court deems just and equitable." (*Id.* at *ad damnum* clauses)

22. It is not clear what Plaintiff means by "collateral charges" and "any other relief the Court may deem just and proper," but the value of each must be considered for the purposes of removal. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (finding that when calculating the amount in controversy it is appropriate for a court to consider an unspecified award of treble, punitive damages, or statutory damages when a plaintiff can recover such damages under a specific statue); *see also id.* at 585 ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action").

23. Moreover, Plaintiff asserts a claim under the UTPCPL which permits recovery of statutory and treble damages. (*See* Compl. ¶¶ 25-29.) The Court should consider these damages when determining the amount in controversy. Plaintiff further expressly seeks recovery of attorney's fees, which must also be considered for purposes of removal. *See id.*

24. Therefore, based on a reasonable reading of the Complaint, it is clear that Plaintiff's demand for damages **in total** clearly exceeds $75,000.

25. Accordingly, the diversity and amount-in-controversy requirements are met, and removal is proper under 28 U.S.C. § 1332(a).

## REMOVAL TO THE EASTERN DISTRICT OF PENNSYLVANIA IS PROPER

26. Under 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of jurisdiction because it embraces the place where this action remains pending.

## NOTICE TO STATE COURT AND PLAINTIFF

27. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

28. Counsel for DriveTime certifies, pursuant to 28 U.S.C. § 1446(d), that copies of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, and served promptly upon counsel for Plaintiff. A true and correct copy of DriveTime's Notice of Filing Notice of Removal (without exhibits) is attached hereto as Exhibit F.

29. By filing this notice of removal, DriveTime does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, arbitration, and/or improper venue, in this Court or in the court from which this action has been removed.

**WHEREFORE**, Defendant DriveTime Car Sales Company, LLC hereby removes the case now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, No. 1360, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441.

Dated: May 29, 2019                    Respectfully submitted,

*(signature)*

Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant,*
*DriveTime Car Sales Company, LLC*