# EXHIBIT E

BY: Ying Zhou, Esquire
Law Office of Ying Zhou, PLLC
Identification Number: 88761
1700 Market Street, Suite 1005
Philadelphia, PA 19103
(215) 477-1888

*Filed and Attested by the
Office of Judicial Records
29 APR 2019 08:57 am*

ATTORNEY FOR APPELLEE/
PLAINTIFF WILLIAM LLOYD

---

| | |
|---|---|
| WILLIAM DONNELL LLOYD<br>3043 N 35th Street<br>Philadelphia, PA 19132<br><br>      Appellee/Plaintiff,<br>vs.<br><br>DRIVETIME CAR SALES COMPANY, LLC<br>D/B/A: DRIVETIME LINCOLN HWY<br>1816 E. Lincoln Hwy<br>Langhorne, PA 19047<br><br>      Appellant/Defendant. | :<br>: COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: APRIL TERM 2019<br>: NO. 1360<br>:<br>:<br>: MC Appeal Docket #:<br>: SC-19-01-04-3346<br>:<br>: |

---

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance, personally or by attorney, and filing, in writing with the court, your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money, property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CAN NOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**LAWYER REFERRAL SERVICE**
Philadelphia County
One Reading Center, 11th Floor
Philadelphia, PA 19107
(215) 238-6333
TYY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personal. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisones de esta demanda. Usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importante para usted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**SERVICIO DE REFERENCIA LEGAL**
Philadelphia County
One Reading Center, 11th Floor
Philadelphia, PA 19107
(215) 238-6333 TYY (215) 451-6197

1

Case ID: 190401360

BY: Ying Zhou, Esquire
Law Office of Ying Zhou, PLLC
Identification Number:   88761
1700 Market Street, Suite 1005
Philadelphia, PA 19103
(215) 477-1888

ATTORNEY FOR APPELLEE/
PLAINTIFF WILLIAM LLOYD

| | |
|---|---|
| WILLIAM DONNELL LLOYD<br>3043 N 35th Street<br>Philadelphia, PA 19132<br><br>　　　　　　　　　Appellee/Plaintiff,<br>vs.<br><br>DRIVETIME CAR SALES COMPANY, LLC<br>D/B/A: DRIVETIME LINCOLN HWY<br>1816 E. Lincoln Hwy<br>Langhorne, PA 19047<br><br>　　　　　　　　　Appellant/Defendant. | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: APRIL TERM 2019<br>: NO. 1360<br>:<br>:<br>: MC Appeal Docket #:<br>: SC-19-01-04-3346<br>: |

## CIVIL ACTION - COMPLAINT
## (5M-MONEY JUDGMENT)

Appellee, Plaintiff William Donnell Lloyd, by and through his undersigned Counsel, Ying Zhou, Esquire, brings this civil action complaint against Appellant, Defendant DriveTime Car Sales Company, LLC. to recover damages resulting from Defendant's tortious acts and violations relating to Plaintiff's purchase of a vehicle and in support thereof avers as follows:

1.　　Appellee/Plaintiff William Donnell Lloyd (hereinafter "Plaintiff") is an adult individual residing at 3043 N. 35th Street, Philadelphia, PA 19132.

2.　　Appellant/Defendant DriveTime Car Sales Company, LLC, d/b/a DriveTime Lincoln Hwy. (hereinafter "Defendant") is an Arizona corporation doing business in Pennsylvania as DriveTime Lincoln Hwy and having a business office located at 1816 E. Lincoln Hwy, Langhorne, PA 19047.

3.　　In and around June 2018, Plaintiff contacted Defendant inquiring about the

purchase of a used vehicle.

4. In accordance with Defendant's instructions, Plaintiff completed an online application and subsequently, Defendant informed Plaintiff that his application had been approved and invited Plaintiff to visit Defendant's dealership to test drive some vehicles.

5. Plaintiff went to Defendant's dealership sometime in June, test drove two vehicles and gave Defendant $200 in down payment with the understanding that Defendant would hold at least one of the vehicles he test drove for him.

6. Two weeks after that, Plaintiff learned that Defendant sold both vehicles he test drove despite the fact Defendant promised to hold one of the vehicles for Plaintiff.

7. On or about August 10, 2018, Plaintiff went back to Defendant's dealership, test drove yet another two vehicles and put down another $900 in down payment per Defendant's request.

8. Defendant also asked Plaintiff to sign a pre-printed vehicle application which Defendant represented to Plaintiff as the replacement application containing identical information as his "expired" online application. Plaintiff signed the application dutifully as requested.

9. On the same day, Plaintiff purchased and took delivery of a 2015 Kia Forte from Defendant. The sales price for the vehicle with financing was $32,753.74. *See* a true and correct copy of the retail installment contract attached herein as Exhibit "A."

10. The retail installment contract requires Plaintiff to make 147 bi-weekly installment payments of $213.89 each and 1 bi-weekly installment payment of $211.91 starting from September 7, 2018.

11. Unbeknown to Plaintiff, the retail installment contract at issue also contained an acceleration clause which requires a debtor to pay the entire unpaid balance when the creditor

simply feels insecure about the loan and such insecurity does not have to be triggered by the debtor's non-payment or late payment of the debt. *See* section on Default, page 3 of 5 of the contract, Exhibit B.

12. A few days after Plaintiff has timely made the first two installment payments on his vehicle totaling $427.78, Defendant towed Plaintiff's vehicle from Plaintiff's place of employment without notice or warning.

13. About a month after the tow, Plaintiff received Defendant's financing company, Bridgecrest's letter informing merely the vehicle was in its possession and it intended to keep the vehicle in full satisfaction of Plaintiff's loan. *See* a true and correct copy of the Bridgecrest letter attached herein as Exhibit "B."

14. Other than this information, the letter contained no required notice of repossession under the Motor Vehicle Sales Finance Act, 69 P.S. §623, nor any reference and/or instruction to Plaintiff as to his right of redemption or reinstatement of the contract, and it was sent via regular mail as opposed to certified mail, registered mail or delivered in person.

15. No time prior to the parties' commencement of litigation in the Municipal Court, did Defendant ever inform Plaintiff the reason for its repossession of Plaintiff's vehicle. Nor did Defendant provide Plaintiff any opportunity to amend any information Plaintiff provided to Defendant on the vehicle applications.

16. To date, Plaintiff has sustained economic and non-economic damages as a direct and proximate result of Defendant's illegal repossession of his vehicle.

**WHEREFORE**, Plaintiff, William Donnell Lloyd, demands judgment against Defendant, DriveTime Car Sales Company, LLC. in a sum not in excess of Fifty Thousand Dollars ($50,000.00) together with attorney's fees, collateral charges, costs, interest and other relief this

4

court deems just and equitable.

## COUNT 1 – TORTIOUS CONVERSION

17. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if the same has been set forth at length herein.

18. Defendant deprived Plaintiff's right of property in his vehicle by towing it away without providing any notice or warning to Plaintiff when Plaintiff had timely made all the scheduled installment payments on the vehicle loan.

19. Defendant's act of towing Plaintiff's vehicle was illegal and unjustifiable as the terms and conditions of its acceleration clause in the retail installment contract, the basis for its vehicle repossession, were in direct contravention of the Motor Vehicle Sales Finance Act, 69 P.S. §601 et. seq. as the acceleration clause at issue allowed a creditor to require a debtor to pay the entire unpaid balance when the creditor simply feels insecure about the loan and the contract allowed the triggering of a creditor's insecurity by circumstances other than debtor's non-payment or late payment of the debt – the only triggering events sanctioned by the Act in which a creditor is allowed to accelerate the payment terms under the vehicle financing contract. *See* 69 P.S. §615B.[1]

20. As a result of Defendant's tortious acts, Plaintiff was deprived of his vehicle, his means of transportation for work, daily dialysis appointments and taking his wife to medical treatments, and thereby sustaining detrimental economic and non-economic damages.

**WHEREFORE**, Plaintiff, William Donnell Lloyd, demands judgment against Defendant,

---

[1] "No installment sales contract shall contain any acceleration clause under which any part or all of the time balance represented by payments, not yet matured, may be declared immediately payable because the seller or holder deems himself to be insecure. This provision shall not affect an acceleration clause authorizing the seller or holder to declare the entire time balance due and payable in case of default in the payment of one or more installment payment[]."

5

DriveTime Car Sales Company, LLC. in a sum not in excess of Fifty Thousand Dollars ($50,000.00) together with attorney's fees, collateral charges, costs, interest and other relief this court deems just and equitable.

## COUNT II – UNJUST ENRICHMENT

21. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if the same has been set forth at length herein.

22. Defendant, while taking Plaintiff's down-payment and his scheduled installment payments on the vehicle, repossessed Plaintiff's vehicle without legal basis or justification, thereby depriving Plaintiff the use and enjoyment of the vehicle he had bargained for.

23. Defendant had been unjustly enrichment by its tortious act of repossessing Plaintiff's vehicle without Plaintiff's consent.

24. As a direct result of Defendant's tortious actions, Plaintiff suffered and continued to suffer pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, William Donnell Lloyd, demands judgment against Defendant, DriveTime Car Sales Company, LLC. in a sum not in excess of Fifty Thousand Dollars ($50,000.00) together with attorney's fees, collateral charges, costs, interest and other relief this court deems just and equitable.

## COURT III- UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW and MOTOR VEHICLE SALES FINANCE ACT

25. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as if the same has been set forth at length herein.

26. Plaintiff and Defendant are "persons" as defined by 201-2 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et. seq. ("CPL").

27. Plaintiff's vehicle purchase from Defendant is a trade or commerce under 73 P.S.

6

Case ID: 190401360

§201-2(3) of the CPL as it involved the sale of a tangible property.

28. Defendant violated the UTPCPL by having breached Motor Vehicle Sales Finance Act, 69 P.S. §601 et. seq., as follows:

    a) Having an acceleration clause in its installment sale contract that declared the payments, not yet matured, be immediately payable because the seller or holder deems himself to be insecure and the stated triggering event for such insecurity has nothing to do with non-payment or late payment of any installment payments, nor does it come under any of the prescribed exceptions for triggering an acceleration of the contract unrelated to payment issues. 69 P.S. §615B;

    b) Repossessing Plaintiff's vehicle based on grounds unrelated to a default of payment and not within the exceptions prescribed by the Act. 69 P.S. §615B;

    c) Failing to provide Plaintiff an immediate written notice of repossession delivered in person, or sent by registered or certified mail in accordance with the Act, 69 P.S. §623D; and

    d) Failing to set forth Plaintiff's reinstatement and/or redemption rights in the notice. 69 P.S.§623D.

29. Defendant's aforesaid violations caused detrimental economic and non-economic harm to Plaintiff.

**WHEREFORE**, Plaintiff, William Donnell Lloyd, demands judgment against Defendant, DriveTime Car Sales Company, LLC. in a sum not in excess of Fifty Thousand Dollars ($50,000.00) together with statutory, actual and treble damages, attorney's fees, collateral charges, costs, interest and other relief this court deems just and equitable.

Respectfully submitted,

By: */s/ Ying Zhou*
    _____
    Ying Zhou, Esquire
    Attorney for Appellee/Plaintiff

# EXHIBIT A

Case ID: 190401360

| SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT | REPRINT DATE: 8/10/2018 | SALES DATE: 08/10/2018 |
|---|---|---|
| Buyer (and Co-Buyer) Name and Address<br>William Donnell Lloyd<br>3043 N 35th St<br>Philadelphia, PA 19132- | Dealer/Creditor Name and Address<br>DRIVETIME CARSALES COMPANY, LLC  DBA: DRIVETIME LINCOLN HWY<br>1816 E LINCOLN HWY<br>LANGHORNE, PA 19047-3040<br>2154789010<br>173003827201 | |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle.  "We", "us" and "our" refer to the Dealer shown above and any person to which we may transfer or assign the Contract.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2015 Kia | Forte | KNAFK4A65F5379116 | ☒ Personal  ☐ Agricultural<br>☐ Business |
| Trade-In: | N/A<br>Year | N/A<br>Make | | N/A<br>Model |

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,100.00 |
|---|---|---|---|---|
| 19.181 % | $ 12,540.31 | $ 19,113.43 | $ 31,653.74 | $ 32,753.74 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 147 | $213.89 | BiWeekly beginning 09/07/2018 |
| 1 | $211.91 | Ending 04/26/2024 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 2% per month of the delinquent amount.

**Security Interest:** You are giving a security interest in the Vehicle being purchased. Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

| INSURANCE |
|---|
| YOU MAY OBTAIN INSURANCE ON THE VEHICLE FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US. |
| LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED. |

| NOTICES REQUIRED BY FEDERAL LAW |
|---|
| Used motor vehicle Buyers Guide.  If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle.  THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF THE SALE. |
| NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. |

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 | Purchase Price (Including sales tax of $1,348.00 any accessories, their installation, and taxes) | $14,643.00 (1) |
| 2 | Down Payment | |
| | (2a) Cash Down Payment | $1,100.00 (2a) |
| | (2b) Trade-In Allowance | $0.00 (2b) |
| | (2c) Trade-In Payoff     Payoff To: ___N/A___ | $0.00 (2c) |
| | (2d) Net Trade-In (Description Page 1) (2b minus 2c) | $0.00 (2d) |
| | Total Down Payment (2a plus 2d) | $1,100.00 (2) |
| 3 | Unpaid Balance of Purchase Price (1 minus 2) | $13,543.00 (3) |
| 4 | Amounts Paid to Others on Your Behalf | |
| | (a) To Public Officials | |
| |     License, title & registration fees | $16.43 |
| |     License, title & registration fees | $130.00 |
| | **(b) Other Charges: | |
| |     _____ For Documentary Preparation Charge | $134.00 |
| |     **To: DriveTime   For MotionGPS (3 yrs) plus | $695.00 |
| |     **To: DriveTime   For SilverRock DriveCare Powertrain | $3,555.00 |
| |     **To: DriveTime   For SilverRock GAP Coverage | $1,035.00 |
| |     To: County   For County Fee | $5.00 |
| | Total Amounts Paid to Others on Your Behalf (a plus b) | $5,570.43 (4) |
| | ** Dealer may retain or receive a portion of these amounts paid to others, except those fees paid to public officials. | |
| 5 | Balance of Purchase Price and Other Charges (3 plus 4) | $19,113.43 (5) |
| 6 | Amount Financed | $19,113.43 (6) |

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of 19.181% per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined above in the Truth In Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the Total Sale Price.  The Total Sale Price is the total price of the Vehicle and any other products or services plus the Finance Charges if you buy them over time.  You agreed to purchase the items over time.  The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled.  The actual amount you will pay may be more or less depending on your payment record.

**Prepayment:** You may prepay this Contract at any time without penalty.  Any partial prepayment will not excuse any later scheduled payments.  You may obtain from us or our assignee or the insurance company named in your policy or certificate of insurance a refund of any prepaid, unearned insurance premiums.

**Security Interest:** To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract.  You agree a "first priority" security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent.  We reserve our right to setoff insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of what you owe us under the Contract to the extent not prohibited by applicable law.

**Finance Charges:** This is a simple interest Contract. The finance charges you pay will depend on how you make your payments. Your actual finance charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, finance charges and to the unpaid balance of the Contract in any manner we choose unless we are required by law to apply payments in a particular order. Finance charges are earned by applying the Contract Rate to the unpaid balance of the Contract for the time such balance is owed, subject to the finance charge free period, if any, described on the first page of this Contract.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You may use the Vehicle for any lawful purposes, other than to provide ride sharing services or for any other commercial purpose. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or transfer any rights in the Vehicle without our prior written consent. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, **the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose.** This provision does not affect any warranties covering the vehicle or parts thereof that the Vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name. You must maintain comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount acceptable to us, name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance that you obtain. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. If you do not maintain the required insurance, we may buy substantially similar coverage at your expense. We may add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. Insurance we buy may cost substantially more than insurance you buy. We will cancel the insurance we buy if you give us satisfactory proof of insurance reasonably acceptable to us. Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.

You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Returned Check Charge:** If you make any payment required by this Contract with a check that is returned or dishonored you agree to pay a charge the lesser of the fee charged by our bank for depositing your check or $15.00. If the fee is not paid when due, we may add this fee to the unpaid balance of this Contract.

**Default:** You will be in default if any one of the following occurs (except as may be prohibited by law):
1. You fail to make any payment due under this Contract, including any down payment, in full when such payment is due.
2. We are unable to obtain a first priority security interest in the Vehicle.
3. You give another person a security interest in the Vehicle without our consent.
4. You fail to obtain or maintain insurance on the Vehicle as required by this Contract.
5. You gave us false or misleading information on your application relating to this Contract, if we cannot verify any information that you have provided us, if any information you provided to us is false, if we discover a material adverse change in such information during the review process, or if you do not cooperate in the verification and review process described below.
6. You fail to keep any other agreement or promise you made in this Contract.
7. You die, become incompetent, and generally fail to pay your debts when they become due or if you file a bankruptcy petition or if one is filed against you.
8. The Vehicle is lost, damaged beyond repair, or destroyed or any other event occurs that causes us to believe that our prospects for payment or realization upon the Vehicle are impaired.

We may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the entire unpaid balance) if you (I) fail to make any payment under this Contract when due, (ii) fail to pay any taxes owed on the Vehicle, (iii) fail to furnish proof of payment of taxes owed on the Vehicle (iv) use the Vehicle for illegal purposes; (v) file for bankruptcy; (vi) you default in the payment of a cross-collateralized obligation; or (vii) you intentionally provide fraudulent and misleading information on a credit application. If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If, after providing you with notice of our intent to dispose of such personal property as required by law and after allowing you time to claim the property as required by applicable law you do not claim your personal property, we will dispose of the personal property in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay for the costs of a lawsuit and our reasonable attorney's fees if we take the Property through legal action. At the time we take the Property, you must pay the expenses for taking, repairing, and storing the Property as allowed by law. We may only collect expenses from you if more than 15 days passed from the day you broke the terms of this Contract to the day we took the Property.

If we take back the Vehicle, we will sell it unless you exercise any right to cure, reinstate the Contract or redeem the Vehicle that you may have under state law. The sale proceeds, less the actual amounts we pay for retaking, holding, preparing for disposition, processing and disposing of the Vehicle, and less our attorneys' fees and legal costs to the extent such costs, fees and expenses are permitted by applicable law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, and we have complied with the applicable notice requirements, you will be obligated to pay us what is still owed (the deficiency).

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive demand for payment, notice of non-payment, presentment, notice of dishonor, protest, notice of protest, notice of intent to accelerate and notice of acceleration.

**Assignment:** You may not assign your rights under this Contract without our permission.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

Any provision that appoints us as an agent is not subject to the provisions of 20 Pa. Con. Stat. Section 5601 *et seq.* (Chapter 56; Decedents, Estates and Fiduciaries Code). We, by exercising any of our rights under this Contract, do so for the sole benefit of us.

**After-Sale Review and Verification Process:** The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You have agreed to cooperate with the after-sale review and verification process.

**Limitation on Damages:** Unless prohibited by law, you shall not be entitled to recover from us any consequential, incidental or punitive damages, damages to property or damages for loss of use, loss of time, loss of profits, or income or any other similar damages. We are not liable for any failure or delay in delivering the Vehicle to you if it is beyond our control, not our fault or we are not negligent.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer, obtaining a credit report(s) in connection with the servicing of the Contract.

**Odometer (mileage):** Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. We each understand that this information is not always accurate. As permitted by applicable law, neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.

**Disclosure on Airbags:** We disclaim any knowledge of, and make no representation of warranty as to the condition or operability of the airbag(s) on the Vehicle unless otherwise disclosed to you on the AutoCheck Vehicle History Report. You acknowledge that we have not made any representations, oral or in writing, as to the condition or operability of the airbag(s), and you accept the Vehicle without representation or warranty from us. You further acknowledge that you had the opportunity to have the airbag(s) checked by someone of your choice prior to the completion of the sale.

**Liability Insurance Required:** You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in your Contract. You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Record Retention:** You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial, or non-judicial or regulatory proceeding relating to the Vehicle.

**Statement of Account:** You have the right to request and receive a completed and detailed statement of account as provided for in Pa. Cons. Stat. tit. 12 § 6230(a). You can request the statement of account any time after execution of this Contract and within 1 year after the termination of this Contract. We will provide you one statement without charge. For additional statements, we will assess a reasonable fee not to exceed the cost of production.

**Assignment of Dealer:** For value received, Dealer hereby transfers to BRIDGECREST ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in the Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

**Arbitration Agreement:** The arbitration agreement entered into between you and Dealer is incorporated by reference into and is a part of this Contract.

If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.

**Vehicle Service Contract & Optional Products Disclosure:** Any Vehicle Service Contract you entered into between you and Dealer is incorporated by reference into and is a part of this Contract. The Optional Products Disclosure you signed is incorporated by reference into and is a part of this Contract.

**Communication Consent:** You agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. By providing the number of your land line, cell phone or other wireless device and your email address, you expressly consent and agree that we may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, or artificial voice message, or send you a text, e-mail, or other electronic message for any purpose related to the servicing or collection of any account that you may establish with us or for other informational purposes related to your account (each a "Communication"). You agree that we may send you a Communication at any land line, cell phone, or email address publically available and associated with you and that you agree we may contact you at now or in the future. You also agree that we may include your personal information in a Communication. You understand email and text are not secure means of communication and that there is a possibility a third party may see our email or text to you. We will not charge you for a Communication, but your service provider may. You acknowledge and confirm that you have the authority to provide this consent because you are either the subscriber of the telephone number(s) and email address(es) or you are the non-subscriber customary user who has authority to provide this consent. If you change your telephone number(s) or email address, you agree to contact us immediately to advise us of any such change. In addition, you understand and agree we may always communicate with you in any manner permissible by law that does not require your prior consent.

## NOTICE TO BUYER

**DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.**



X _Retail Sales Contract_ (DocuSigned by: William Lloyd)     X _Retail Sales Contract_
Buyer Signs                                                   Co-Buyer Signs

By signing below, the Dealer/Creditor accepts this Contract

X _Clay B. Scheitzach_
Dealer

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3, 4 AND 5 OF THIS CONTRACT AND ACKNOWLEDGES RECEIVING A COPY OF THIS CONTRACT.**



X _William Lloyd_ (DocuSigned by)     X
Buyer Signs                            Co-Buyer Signs

PA RIC (07-2018)                    EXHIBIT 1                    Case ID: 190401360
The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Aug 11, 2018 03:25:14 AM      Page 5 of 5

# EXHIBIT B

Case ID: 190401360

PO Box 52080
Phoenix, AZ 85072

October 24, 2018

**Bridgecrest**

WILLIAM DONNELL LLOYD
3043 N 35TH ST
PHILADELPHIA PA 19132-1818

RE: Motor Vehicle Installment Contract dated: 10/03/18
    Vehicle Make: 2015/KIA    /FORTE
    VIN#: KNAFK4A65F5379116

Dear Sir or Madam:

We are the secured party under the above described contract. We have in our possession the vehicle you purchased under that contract. You are in default under the terms of the contract. As a result, we have accelerated the unpaid principal balance under the contract and we propose to retain the vehicle in full satisfaction of your obligation to us. For you, that means that if you do not object by contacting us at the phone number or address set forth below within 30 days of the date of this letter, you do not have to make any more payments to us and you won't owe us any more money. We also agree not to report adversely on your credit.

At the time we repossessed the vehicle personal property may have been found. Such property should be identified and claimed within 30 days of this notice by contacting us at the address below.

Sincerely,

Customer Care
(888) 630-8691
P.O. Box 29018
Phoenix, AZ 85038-9018

**VERIFICATION**

I, <u>William Donnell Lloyd</u>, hereby state that I am the Appellee/Plaintiff in this action and verify that the statements made in the foregoing <u>CIVIL ACTION COMPLAINT</u> are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Dated: 4-29-2019                    Signed: William D Lloyd

## CERTIFICATE OF SERVICE

I, <u>Ying Zhou, Esquire</u>, counsel for Appellee/Plaintiff William Donnell Lloyd, hereby certify that a copy of the foregoing **Civil Action Complaint** was served upon Appellant/Defendant DriveTime Car Sales Company, LLC's below counsel of record via First Class U.S. Mail on April 30, 2019:

**Andrew M. Carobus, Esquire**
**Ballard Spahr LLP**
**1735 Market Street, 51st Floor**
**Philadelphia, PA 19103**

/s/ *Ying Zhou*
_____
Ying Zhou, Esquire
Attorney for Appellee/Plaintiff